GREAT AMERICAN INSURANCE COMPANY, Appellant,

v.

Reynaldo O. RENDON, Appellee.

No. 7455.

Court of Civil Appeals of Texas.

Amarillo.

March 29, 1965.

Rehearing Denied April 26, 1965.

Key, Carr & Clark, Lubbock, for appellant.

Splawn & Maner, Lubbock, for appellee.

DENTON, Chief Justice.

Reynaldo O. Rendon, plaintiff below, recovered judgment against Great American Insurance Company for total and permanent incapacity in a workmen's compensation case. The jury found it would not result in manifest hardship if Rendon were not paid a lump sum, and the judgment provided for the unaccrued installments to be paid in weekly installments of $35.00. The judgment was entered April 1, 1964. On May 8, 1964, plaintiff filed a motion to enter a judgment nunc pro tunc, and after notice and hearing such judgment was entered on June 12, 1964. The nunc pro tunc judgment provided for the $35.00 installments to be made by two checks: one check to be made payable to Rendon in the amount of $24.50 and the other check in the amount of $10.50 to be made payable to Splawn & Maner, attorneys for Rendon, and to be mailed directly to the respective payees each week.

The original judgment provided for the weekly payments to be payable jointly to Rendon and the attorneys and allowed the attorneys an undivided 30% of the total amount recovered as authorized by Article 8306, Section 7d, Vernon's Ann.Civ.St. The nunc pro tunc judgment was identical to the original judgment except for the addition of the following paragraph:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant make the $35.00 per week check for 345 weeks into two checks. One check will be for the sum of $24.50 which shall be made payable directly to Plaintiff, Rey Rendon, and mailed to his home address. The other check shall be made in the sum of $10.50 and shall be made payable directly to Splawn & Maner, Attorneys at Law, and shall be mailed to P. O. Box 1437, Lubbock, Texas."

The sole question to be determined is whether or not the trial court had authority to enter the judgment nunc pro tunc of June 12, 1964. Appellant contends the nunc pro tunc judgment placed additional burdens on the defendant and that it altered the rights of the parties. We are unable to agree. The substantive rights of the parties were not altered in any way. It can not be seriously argued appellant's liability was increased nor were claimant's or his attorneys' benefits diminished or increased. The nunc pro tunc order simply clarified the method of payment. Neither do we consider the writing and mailing of two checks weekly instead of one an undue burden. The parties' substantive rights and liabilities were set out in identical language in both instruments. The nunc pro tunc judgment was not inconsistent with the adjudication already made, nor was it a revision of the original judgment.

It is well settled that a court has the inherent power to correct a judgment by entry nunc pro tunc so as to properly recite the effect of the court's judgment. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Knox v. Long, 152 Tex. 291, 257 S.W.2d 289; Williams v. Pitts, 151 Tex. 408, 251 S.W.2d 148; Rules 316 and 317, Texas Rules of Civil Procedure. We conclude the nunc pro tunc judgment more

clearly spelled out the true effect of the original judgment, and that the trial court was authorized to enter it.

The judgment of the trial court is accordingly affirmed.