MEMORANDUM OPINION



No. 04-06-00372-CV



Avelardo MIRANDA,


Appellant



v.



 Maria T. MIRANDA,


Appellee



From the 57th Judicial District Court, Bexar County, Texas


Trial Court No. 77-CI-12466


Honorable Janet P. Littlejohn, Judge Presiding



Opinion by: Rebecca Simmons, Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: June 13, 2007


REVERSED AND RENDERED


 Appellant Avelardo Miranda and Appellee Maria T. Miranda were divorced in Cumberland
County, North Carolina, on September 30, 1974. Maria subsequently moved to Texas in 1978 and
obtained a default judgment against Avelardo for division of military retirement benefits and child
support. In 2006, Maria filed a motion to change the method of payment of Avelardo's military
retirement benefits. The trial court granted Maria's motion, holding that the court had power to
modify the wording of the 1978 order nunc pro tunc. Because we believe the trial court's
modification was more than a correction and involved judicial reasoning, we reverse the judgment
of the trial court.

Factual Background

 Appellant Avelardo Miranda and Appellee Maria T. Miranda were divorced in Cumberland
County, North Carolina, on September 30, 1974. The divorce decree made no mention of or
provision for the couple's minor children, nor did it divide the couple's property, including
Avelardo's military retirement benefits. Maria moved to San Antonio and filed a Suit Affecting the
Parent-Child Relationship ("SAPCR") seeking not only child support but a portion of her former
husband's retirement benefits. On February 6, 1978, Maria obtained a default judgment, and was
awarded 42.5% of Avelardo's military pay and child support. The judgment required Avelardo to
pay Miranda "42.5% of each of his future military retirement benefits, if, as and when Respondent
receives such benefit." Twenty-eight years later, in 2006, Maria filed a pleading seeking to modify
the method in which she received payments under the 1978 judgment to require the Secretary of
Defense to pay directly to Maria each month her 42.5% interest in the retirement pay until her death
or Avelardo's. Maria argued the trial court had the inherent power to correct the judgment. The trial
court granted Maria's motion. On appeal, Avelardo asserts two points: (1) the trial court lacked
plenary power to hear or rule on the change to the 1978 judgment; and (2) the pleading improperly
sought to change the 1978 judgment nunc pro tunc.

 A. Plenary Power and Nunc Pro Tunc

 A trial court retains plenary power for thirty days after a judgment is signed, during which
time the trial court may grant a new trial, vacate, modify, correct, or reform the judgment. Tex. R.
Civ. P. 329b(d). After the judgment becomes final, the trial court may not set aside a judgment
except by bill of review or to correct clerical errors by a nunc pro tunc judgment. Tex. R. Civ. P.
329b(f); Tex. R. Civ. P. 316; Andrews v. Koch, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam).
Whether an error is judicial or clerical is a question of law. Barton v. Gillespie, 178 S.W.3d 121,
126 (Tex. App.--Houston [1st Dist.] 2005, no pet.) (citing Escobar v. Escobar, 711 S.W.2d 230,
232 (Tex. 1986)). 

 B. Analysis

 The trial court presiding over the 1978 SAPCR lost its plenary power thirty days after it
signed the judgment. The trial court in the current matter could only correct clerical errors by nunc
pro tunc judgment. "The salient distinction between 'clerical' and 'judicial' errors lies in the
exercise of the judgmental offices of the court. A clerical error is one which does not result from
judicial reasoning or determination." Andrews v. Koch, 702 S.W.2d at 585. Avelardo contends that
changing the method of payment and the payor is a substantive change, and not a clerical error.

 Maria relies on Great American Insurance Company v. Rendon, 390 S.W.2d 299 (Tex. Civ.
App.--Amarillo 1965, writ ref'd n.r.e.), claiming that altering the wording in the payment method
is not a substantial alteration. In Great American, the trial court entered a nunc pro tunc judgment
after its plenary power expired. The nunc pro tunc judgment allowed workers' compensation
payments to be made in the form of two checks, one to the claimant and one to his attorneys, rather
than one check, payable jointly. Id. at 300. The court of civil appeals upheld the nunc pro tunc
judgment, reasoning it did not place additional burdens on Great American, as the amount paid did
not change, and thus no substantial change was effected. Id. Maria reasons a change in the
retirement payment method does not substantially alter Avelardo's obligation. We disagree.

 In the case at bar, the 1978 judgment explicitly directs Avelardo to pay Miranda a sum equal
to 42.5% of the benefits received by Avelardo. The order does not mention the Army or direct it to
make any payment. Maria argues direct payment would make the 1978 judgment "as it was meant
to be originally," implying a clerical error occurred. Additionally, she asserts the change would
"conform with the standard military wording required for direct payments" of military benefits.

 The purpose of a nunc pro tunc judgment is to correct clerical errors made when entering the
judgment. See Escobar, 711 S.W.2d at 231. A clerical error is one which demonstrates an error
occurred when the judgment was reduced to writing. See Dickens v. Willis, 957 S.W.2d 657, 659
(Tex. App.--Austin 1997, no pet.). However, it is the proponent's burden to bring forth clear and
convincing evidence that a clerical error was made. Barton v. Gillespie, 178 S.W.3d at 127. For
example, in Dickens v. Willis, 957 S.W.2d at 659-660, the divorce decree misidentified the petitioner
and respondent, thus ordering the wrong party to pay child support. The appellate record contained
evidence of a clerical error, including a letter from the attorney referring to a typographical error that
occurred in the written judgment, and a docket entry indicating the trial court intended to award
respondent, not the petitioner, child support. Id. In this instance, the record contains no evidence
that supports a conclusion that a clerical error was made in entering the 1978 judgment.

Conclusion

 The trial court erred in granting Maria's motion, as it lacked jurisdiction to revise the 1978
judgment. Accordingly, we reverse the judgment of the trial court and render judgment in favor of
Avelardo Miranda.

 Rebecca Simmons, Justice