Thomas DICKENS, Appellant,

v.

Connie Elizabeth WILLIS, Appellee.

No. 03–97–00195–CV.

Court of Appeals of Texas,
Austin.

Dec. 11, 1997.

A. Michelle May, Belton, for Appellant.

Laura R. Rayl, Burleson, Cunningham & Rayle, L.C., Temple, for Appellee.

Before POWERS, ABOUSSIE and B.A. SMITH.

BEA ANN SMITH, Justice.

Thomas Dickens moved for enforcement of child support in February 1996. The trial court denied Dickens's motion, finding that an earlier order clarifying who was to pay child support was void as a matter of law because it substantively changed the original divorce decree. Dickens appeals the judgment of the trial court, claiming in part that the evidence was legally and factually insufficient to support the judgment and that the court abused its discretion in construing the clarification order as a substantive change. The evidence shows that the error in the original decree was clerical rather than judicial; thus, the subsequent clarification of the decree did not amount to a substantive change. We will reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

## BACKGROUND

Connie Elizabeth Willis (formerly Dickens) and Thomas Dickens were divorced in 1986 after almost eleven years of marriage, during which three children were born. The divorce decree designates Dickens (the *father* and *respondent* in the divorce proceeding) managing conservator of the children, with the "power to receive and give receipts for pay-

ments for the support of the children." In setting the amount of child support, however, the decree provides that *"respondent pay to petitioner* support in the amount of $50.00 per month per child...." (Emphasis added). Willis, the mother and petitioner, was named possessory conservator of the children.

In March 1995, Dickens filed a motion to enforce child support, alleging nonpayment by Willis. Dickens requested that Willis be held in contempt, that judgment be granted for the arrearage, and that any ambiguities in the original divorce decree be clarified. After a hearing attended by Dickens and Willis, Judge Oliver Kelley determined the divorce decree's provision that "respondent pay to petitioner support" was a clerical error. Judge Kelley clarified the decree to order Willis to pay child support to Dickens; the order also directed that Willis pay the arrearage.

In February 1996, Dickens filed a second motion to enforce child support because Willis still had not paid. Dickens again requested that Willis be held in contempt and that the arrearage be reduced to judgment. After a hearing, Judge Derwood Johnson found the earlier clarification and enforcement order unenforceable because it substantively changed the divorce decree in violation of Texas Family Code section 157.423.[1] Judge Johnson also found that Willis could not be held in contempt because a court may not provide that a clarification order is retroactive for the purpose of enforcement by contempt. *See* Tex. Fam.Code Ann. § 157.425 (West 1996).

Dickens appeals the second trial court's judgment that the clarification and enforcement order substantively changed the divorce decree, making it unenforceable as a matter of law.

## DISCUSSION

Dickens argues that because the clarification order merely corrected a clerical error, the order did not substantively change the original divorce decree. Willis, on the other

---

1. Section 157.423 provides in pertinent part, "A substantive change made by a clarification order is not enforceable." Tex. Fam.Code Ann. § 157.423 (West 1996).

hand, argues that the clarification order substantively changed the decree; moreover, she contends that if there was a clerical error, a judgment nunc pro tunc rather than a clarification order was the appropriate vehicle to correct such an error in the entry of judgment.

*Correction of Clerical Error v. Substantive Change*

■■■ The Family Code prohibits a court from substantively changing the provisions of an earlier order with a clarification order. Tex. Fam.Code Ann. § 157.423 (West 1996). The statute does not define "substantive change," but we may look to a similar area of the law for guidance. Like clarification orders, judgments nunc pro tunc cannot substantively change a final order; therefore, case law addressing such judgments illuminates what constitutes an impermissible substantive change. *See, e.g., Finlay v. Jones,* 435 S.W.2d 136 (Tex.1968); *Newsom v. Petrilli,* 919 S.W.2d 481 (Tex.App.—Austin 1996, no writ); *Delaup v. Delaup,* 917 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1996, no writ); *Cavalier Corp. v. Store Enters., Inc.,* 742 S.W.2d 785 (Tex.App.—Dallas 1987, writ denied). A substantive change occurs when a judicial error is corrected because such an error results from judicial reasoning and determination. *Finlay,* 435 S.W.2d at 138; *Newsom,* 919 S.W.2d at 483; *Delaup,* 917 S.W.2d at 413. On the other hand, when an error results from inaccurately recording the decision of the court, the error is *clerical. Escobar v. Escobar,* 711 S.W.2d 230, 231 (Tex.1986); *Newsom,* 919 S.W.2d at 483; *Delaup,* 917 S.W.2d at 413. In *Nolan v. Bettis,* this Court explained that "[w]henever the judgment entered by the court incorrectly records the judgment rendered, the error is clerical, so long as a product of judicial reasoning is not involved." 562 S.W.2d 520, 522 (Tex.Civ.App.—Austin 1978, no writ). Thus, the correction of a clerical error does not effect a substantive change. *See Escobar,* 711 S.W.2d at 231–32.

■■■ Whether an error is clerical or judicial is a question of law. *Finlay,* 435 S.W.2d at 138; *Escobar,* 711 S.W.2d at 232. The question, however, becomes one of law "only after the trial court factually determines whether it previously rendered judgment and the judgment's contents." *Escobar,* 711 S.W.2d at 232. An appellate court may review the trial court's factual determination only for legal and factual insufficiency of the evidence. *Id.* Proof of a clerical error must be clear, satisfying, and convincing. *Stuart v. City of Houston,* 419 S.W.2d 702, 703 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). Furthermore, "[t]his Court must construe the original judgment 'as a whole toward the end of harmonizing and giving effect to all the court has written.'" *Newsom,* 919 S.W.2d at 483 (citation omitted).

■■■ In reviewing legal sufficiency, we first consider only the evidence that tends to support the trial court's finding and disregard all evidence and inferences to the contrary; if there is no evidence to support the finding, we must analyze the entire record to see whether the contrary proposition is established as a matter of law. *See Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989). In reviewing factual insufficiency, we must consider and weigh all the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

■■■ After reviewing all the evidence in the record for both legal and factual sufficiency, we conclude that the evidence sufficiently supports the finding that the error in the original divorce decree was clerical not judicial. First, the trial court took judicial notice of the clerk's record, which contains a letter from Willis's attorney to Dickens's attorney in April 1995 acknowledging that the divorce decree contains a *typographical error concerning payment of child support.* Second, the same clerk's record contains a docket entry by the judge in the initial divorce proceeding that orders the petitioner (Willis), not the respondent (Dickens), to pay child support.[2] Third, the rest of the decree is

---

2. *See First Nat'l Bank v. Birnbaum,* 826 S.W.2d 189, 190–91 (Tex.App.—Austin 1992, no writ)

(noting that although docket entries are inherently unreliable, courts have allowed docket entries

consistent with a judgment ordering Willis, the possessory conservator, to pay child support to Dickens, the managing conservator of the children. In harmonizing the child support order with the rest of the decree, this Court can reach only one conclusion: The error was not a flaw in judicial reasoning, but a mistake in reducing the judgment to writing. No evidence of probative force supports the conclusion that the clarification effected a substantive change. We hold that the error in the original decree was clerical and that the clarification to correct this error did not substantively change the divorce decree.

In reaching this conclusion, we find that *Newsom* is controlling. Although *Newsom* involved property division rather than child support, the error is remarkably similar. In *Newsom*, the original divorce decree provided that the respondent's employment benefits be divided in half. But at the time of the divorce, the petitioner was the only party employed, and the respondent had no employment benefits. *Newsom*, 919 S.W.2d at 482. After looking at the divorce decree as a whole, this Court concluded that "to divide 'Respondent's' employment benefits 50/50 would render the employment benefits provision meaningless." *Id.* at 483. The attorney who drafted the *Newsom* decree testified that she inadvertently divided the respondent's rather than the petitioner's employment benefits. *Id.* In light of the evidence, this Court found that the provision dividing the respondent's employment benefits was a clerical error; correcting the error did not amount to an impermissible substantive change. *Id.* Like the original order in *Newsom*, the decree in the instant case is senseless unless the clerical error is corrected. Furthermore, Willis's former attorney conceded that the error was clerical.

Willis argues that the supreme court's holding in *McGehee v. Epley*, 661 S.W.2d 924 (Tex.1983), precludes construction of the error in question as clerical, but the facts of *McGehee* are distinguishable. In *McGehee*, the supreme court held that the clarification order substantively changed the original di-

vorce decree because the order partitioned benefits of the former wife that had not been divided in the original decree. *Id.* at 925–26. The order also provided that the former husband pay one-half of his *gross* military retirement benefits when the original decree did not specify whether net or gross benefits were to be divided. *Id.* at 926. The modification in *McGehee*, the court held, imposed an obligation to pay where one did not exist under the original order and substantively altered the duties of the former husband. *Id.* By contrast, the clarification in the instant case merely facilitates enforcement of an obligation that already existed, that Willis pay child support to Dickens. Here, the language ordering the parent named managing conservator to pay child support to the possessory conservator is nonsensical and clearly results from transposing the words "petitioner" and "respondent."

*Clarification Order v. Judgment Nunc Pro Tunc*

■ Even if the clarification did not amount to a substantive change, Willis argues that by changing respondent to petitioner, the clarification order did more than clarify the sort of ambiguity contemplated by section 157.421 of the Family Code. Willis contends the appropriate means to correct a clerical error, if such it be, is a motion for judgment nunc pro tunc rather than a motion to clarify.

To the contrary, we find that a clarification order may correct a clerical error in the entry of judgment ordering child support. As section 157.421 of the Family Code provides, a court shall clarify an order that is not specific enough "by rendering an order that is specific enough to be enforced by contempt." Tex. Fam.Code Ann. (West 1996). An order may lack specificity because a clerical error creates an ambiguity, as in the instant case. It is quite appropriate for a court to use the specific remedy contemplated by the Family Code to correct a clerical error, rather than the general remedy of a judgment nunc pro tunc.

as evidence in limited circumstances, for instance to correct clerical errors in judgments)

(citations omitted).

Case law regarding a clarification order under section 3.72 of the Family Code supports our conclusion.[3] In *Pearcy v. Pearcy,* the court of appeals struck down the trial court's modification of an order dividing marital property. 884 S.W.2d 512 (Tex.App.—San Antonio 1994, no writ). Rather than clarify an ambiguity, the trial court had substantively changed the divorce decree by increasing to more than thirty-one percent an unambiguous order that the former husband pay only 14.69 percent of his salary to his former wife. *Id.* at 514. More important to the instant case, the court of appeals distinguished *Pearcy* from cases involving a mere ambiguity, noting that "[i]f a court finds that the original form of the division of property is ambiguous or not specific enough to be enforceable by contempt, the court may enter a clarifying order to enforce compliance with the way the property was originally divided." *Id.* at 514 (citing Tex. Fam.Code Ann. § 3.72(b) (West 1993)). It would be reasonable to apply the same construction to clarification orders under section 157.421 because both sections are designed to clarify an ambiguity in an order arising out of a divorce proceeding. As the evidence and original divorce decree viewed as a whole indicate, the typographical error in this case created an ambiguity. Correction of that ambiguity properly fell within the ambit of a clarification order under section 157.421. *See* Tex. Fam.Code Ann. (West 1996).

Because we sustain points of error three through five, we need not address points one and two.[4] The evidence was legally and factually insufficient to support the judgment of the trial court. Furthermore, the trial court abused its discretion in holding that clarification of the original divorce decree effected a substantive rather than a clerical change.

## CONCLUSION

We hold that the error in the original divorce decree was clerical and that the 1995 clarification order appropriately remedied the error. We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

---

3. Section 3.72 allows a court to issue a clarifying order subsequent to a divorce proceeding on a finding by the court that the original form of the division of property is not specific enough to be enforceable. The clarifying order must set forth specific terms in order to enforce compliance with the original division of property. *See* Tex. Fam.Code Ann. (West 1993).

4 Dickens also argues that the trial court's judgment is an impermissible collateral attack on the clarification order and that the judgment violates the doctrine of collateral estoppel.