TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00361-CV






Linette Wilson, Appellant



v.



George Wilson, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 97-1237-FC2, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING 






 Appellant Linette Wilson and appellee George Wilson were divorced in March
1998. A final agreed divorce decree named them joint managing conservators and established that
their three children would live with Linette, granted George visitation rights, and established rules
governing the visitations.

 In 1999, a dispute arose concerning when the children were available and the
airport from which they would fly to visit George. George filed a motion to enforce the decree
by contempt, alleging Linette had refused to comply with the decree's provisions governing
visitation, and alternatively, requesting that the trial court clarify the decree. Linette responded
to George's motion by pleading that she was unable to comply due to ambiguity in the decree. 
After a hearing on George's motion, the trial court rendered an order clarifying the decree. The
trial court made findings of fact and conclusions of law, finding that the decree "was not specific
enough for enforcement" and "was vague, indefinite and unenforceable." 

 Linette now appeals the clarification order, arguing that: (1) the evidence does not
support the finding that the decree was ambiguous, vague, indefinite, or unenforceable; (2) the
trial court exceeded its authority by making substantive changes to the decree; and (3) the trial
court abused its discretion in awarding George $1,400 in attorney's fees. We will affirm.

 Linette never argued before the trial court that the decree was unambiguous, nor
did she complain that the clarification order made substantive changes. Following the trial court's
rendition of the clarification order, Linette filed a motion to modify the clarification order or, in
the alternative, a motion for new trial. In that motion, she argued that in requiring her to give
George a calendar of the school year and allowing George to designate a long weekend in the
spring as his spring break visitation period, the clarification order was inconsistent with the trial
court's rulings from the bench during the hearing. She further asserted that the injunctions on her
behavior were not supported by the evidence and were inconsistent with the court's bench rulings. 
Significantly, her motion did not complain that the clarification order made substantive changes
or that the original decree was unambiguous. 

 A party may not raise a complaint for the first time on appeal; the record must show
that the complaint was raised before the trial court and that the trial court ruled on the complaint,
either implicitly or explicitly. Tex. R. App. P. 33.1(a); Holland v. Wal-Mart Stores, Inc., 1
S.W.3d 91, 94 (Tex. 1999); Elite Towing, Inc. v. LSI Fin. Group, 985 S.W.2d 635, 645 (Tex.
App.--Austin 1999, no pet.). A complaint not raised before the trial court is waived and will not
be reviewed on appeal. Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991); Hollifield v.
Hollifield, 925 S.W.2d 153, 157 (Tex. App.--Austin 1996, no writ).

 Linette not only failed to argue to the trial court that the decree was unambiguous,
she actually alleged in her pleadings and in her argument to the court that the decree was
ambiguous.(1) She also did not complain to the trial court that its clarification order made
substantive changes in violation of the Family Code.(2) Linette has waived those complaints and
may not so complain for the first time on appeal. A party may not take one position in the trial
court and the opposite position on appeal. We overrule Linette's first and second issues.

 Linette next argues that the trial court erred in awarding George $1,400 in
attorney's fees. We disagree. 

 A trial court has broad discretion to award attorney's fees in a suit to enforce a
divorce decree's provisions governing the relationship between parents and children. Tex. Fam.
Code Ann. § 106.002(a) (West Supp. 2000); Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex. 1996). 
We will not overturn a trial court's award of attorney's fees absent a showing that the award was
arbitrary, unreasonable, or made without reference to any guiding rules and principles. Schneider
v. Schneider, 5 S.W.3d 925, 932 (Tex. App.--Austin 1999, no pet.).

 Linette points out that at the hearing George's attorney requested that Linette be
ordered to pay "a portion" of George's attorney's fees. George's attorney then testified that he had
spent about seven hours preparing for and appearing at the hearing and that he charges $200 an
hour. Linette contends that because George's attorney testified that George had only incurred
$1,400 in fees, awarding $1,400 gave George all of his attorney's fees, not just the portion he
requested. Linette also contends that George incurred the $1,400 for work done on his motion to
enforce the decree by contempt, which he abandoned; Linette argues George should not be
awarded attorney's fees incurred by an abandoned motion.(3)

 George's attorney testified he had spent about seven hours preparing for and
appearing at the hearing. He did not testify as to how many hours he expected to spend in
prosecuting any appeal of the trial court's order or in preparing the clarification order, as he was
requested to do by the trial court. In awarding $1,400 for fees incurred up to and through the
hearing, the trial court awarded George part of his attorney's fees. Even without knowing Linette
would appeal the order, the court knew George would incur further fees when his attorney drafted
the clarification order. Linette has not shown the trial court abused its discretion by awarding all
of the fees George had incurred at the time of the hearing.

 As for Linette's contention that George incurred those fees for work done on a
motion that was then abandoned, we do not agree. George's motion asked that the trial court
enforce the decree by holding Linette in contempt. It also requested that the trial court clarify any
part of the decree too vague to be enforced and requested attorney's fees incurred in enforcing and
protecting his rights. At the hearing, George agreed that the decree was too indefinite to be
enforced by contempt. He stated he wanted to establish a pattern of his "not having access to the
children through [Linette's] interference" and asked that Linette be "ordered to deliver the children
to the airport in Omaha at the beginning of each [visitation] period." George asked that Linette
be ordered to give him a school schedule and that he be allowed to pick a four-day weekend as his
spring break visitation period, which he had been granted in the original decree. Further, he
requested that the decree be reformed to indicate a specific period of time for his summer
visitation, to indicate he need not take all three children during each visitation period, and that
Linette be enjoined from discouraging the children from visiting George. The trial court granted
most of the relief George requested, requiring Linette to give him a schedule, allowing him to
designate a four-day weekend as his spring break period, and enjoining her from disparaging him
or persuading the children not to visit him. It also clarified the airports from which George was
authorized to fly the children. 

 George's motion sought not only to enforce the decree by contempt; it also
requested clarification of the decree. George's attorney testified that he had spent seven hours
filing the motion, obtaining a show-cause order, preparing for the hearing and helping George
prepare to testify, attempting to settle the dispute, and appearing at the hearing. The trial court
awarded the majority of relief requested by George. Linette has not shown that the court abused
its discretion by awarding fees incurred in preparing and prosecuting a motion that was in large
part granted. We overrule Linette's third issue on appeal. 

 We affirm the order of the trial court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: November 16, 2000

Do Not Publish


1. Linette stated in her answer to George's motion to enforce the decree that she was "unable to
determine her obligations due to the ambiguous nature [of the decree] and [was] therefore unable to
properly comply with her visitation duties." At the hearing, her attorney said, "[M]y client is here
today because the divorce decree that was agreed on by the parties is ambiguous." She went on to
say, "[Linette] is confused as to how to go about complying with an ambiguous decree. The fact that
the Court ordered [sic] is subject to reasonable interpretations. We would ask that you would find
this decree unenforceable." Linette and George testified about how they thought visitations should
work around the children's various activities. Under these circumstances, Linette may not now
argue that "[t]he evidence does not support that the order is vague or ambiguous." 
2. Even if we consider Linette's arguments, we do not believe the trial court erred in rendering
the clarification order. Linette argues that the court violated the Family Code, which allows a trial
court to clarify an order that is not specific enough to be enforced as long as it does not make
substantive changes to the original order. Tex. Fam. Code Ann. §§ 157.421, .423 (West 1996). 


 Linette argues that requiring George to pay her for mileage when she has to drive more than
one hundred miles to deliver the children to an airport to visit George is a substantive change. 
However, Linette does not have standing to complain of obligations imposed on George. Nootsie,
Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996); Birnbaum v.
Alliance of Am. Insurers, 994 S.W.2d 766, 779 (Tex. App.--Austin 1999, pet. denied) (quoting
Nobles v. Marcus, 533 S.W.2d 923, 927 (Tex. 1976)). 


 Linette also argues that the trial court made substantive changes by requiring her to give
George a school calendar and by enjoining her from disparaging George in the children's presence
and from trying to discourage the children from visiting George. We believe those provisions are
less new, substantive obligations than they are minor adjustments necessary to facilitate the
enforcement of the decree's already-existing obligations. See Dickens v. Willis, 957 S.W.2d 657,
660 (Tex. App.--Austin 1997, no pet.). Giving George the calendar allows him to arrange in
advance for flights for the children to visit during their vacations and allows him to decide which
long weekends in the spring will be designated for spring break visitations. Enjoining Linette
from disparaging George and from trying to persuade the children to refuse to visit him facilitates
George's court-ordered visitation rights that the court had already established. 
3. Linette further argues George should not be awarded attorney's fees for an order clarifying
a decree that needed no clarification. As discussed above, the trial court did not err in finding the
decree ambiguous and in need of clarification.


ring break visitation period, which he had been granted in the original decree. Further, he
requested that the decree be reformed to indicate a specific period of time for his summer
visitation, to indicate he need not take all three children during each visitation period, and that
Linette be enjoined from discouraging the children from visiting George. The trial court granted
most of the relief George requested, requiring Linette to give him a schedule, allowing him to
designate a four-day weekend as his spring break period, and enjoining her from disparaging him
or persuading the children not to visit him. It also clarified the airports from which George was
authorized to fly the children. 

 George's motion sought not only to enforce the decree by contempt; it also
requested clarification of the decree. George's attorney testified that he had spent seven hours
filing the motion, obtaining a show-cause order, preparing for the hearing and helping George
prepare to testify, attempting to settle the dispute, and appearing at the hearing. The trial court
awarded the majority of relief requested by George. Linette has not shown that the court abused
its discretion by awarding fees incurred in preparing and prosecuting a motion that was in large
part granted. We overrule Linette's third issue on appeal. 

 We affirm the order of the trial court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: November 16, 2000

Do Not Publish


1. Linette stated in her answer to George's motion to enforce the decree that she was "unable to
determine her obligations due to the ambiguous nature [of the decree] and [was] therefore unable to
properly comply with her visitation duties." At the hearing, her attorney said,