NO. 07-02-0136-CR


NO. 07-02-0137-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 18, 2002



______________________________




TROY WARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NOS. 99-429700 & 99-430000; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ. 

 Following a plea of not guilty in cause number 99-429700, appellant Troy Ward was
convicted by a jury of aggravated assault and punishment was assessed by the court
pursuant to a plea agreement at 20 years confinement. Appellant plead guilty to
aggravated robbery in cause number 99-430000 and punishment was assessed at 25
years confinement. Both sentences were imposed on April 14, 1999. On March 20, 2002,
appellant filed a pro se notice of appeal seeking permission of the trial court to appeal his
convictions. Based upon the rationale expressed herein, we dismiss for want of
jurisdiction.

 A defendant must file a written notice of appeal with the trial court clerk within 30
days after the date sentence is imposed. Tex. R. App. P. 25.2 & 26.2(a)(1). The Rules
of Appellate Procedure provide for a 15-day extension in which to file the notice of appeal
if it is accompanied by a motion for extension of time. Tex. R. App. P. 26.3 & 10.5(b)(2).
This Court is without jurisdiction to address the merits of an appeal and can take no action
other than to dismiss the appeal if an appeal is not timely perfected. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Cr.App. 1998).

 Appellant's sentences were imposed on April 14, 1999; thus, the deadline for filing
the notices of appeal was May 14, 1999, or 15 days thereafter if accompanied by a
compliant motion for extension of time. A notice of appeal filed approximately 34 months
after the deadline for doing so does not invoke our jurisdiction. 

 Accordingly, the purported appeals are dismissed for want of jurisdiction. (1)

 Don H. Reavis

 Justice


Do not publish.
1. Appellant may have recourse by filing a post-conviction writ of habeas corpus
returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. 
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002).



ll claims and
parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 201 (Tex. 2001). (1) Notwithstanding
the order severing the damage claims, no order or judgment is contained in the clerk's
record demonstrating disposition of all claims in the underlying suit. Thus, the September
2, 2003 partial summary judgment is interlocutory and not subject to appeal at this time. 
Therefore, this Court is without power to review the merits and has jurisdiction only to
dismiss the appeal. Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790
(Tex. 1965).

 Accordingly, the appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice

 
1. A letter ruling not reduced to judgment is interlocutory. Gulf States Utilities Co. v.
Low, 79 S.W.3d 561, 565 (Tex. 2002); see also Dickens v. Willis, 957 S.W.2d 657, 659-660 (Tex.App.-Austin 1997, no pet.).