NO. 07-03-0501-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 21, 2004

_____


JEFFREY DON ALFORD AND ANGELA DREW ALFORD, APPELLANTS

V.

CYNTHIA JEAN ROBERTS MAYS, APPELLEE


_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 52,164-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following the trial court's rendition of a partial summary judgment and order of severance signed on September 2, 2003, appellants Jeffrey Don Alford and Angela Drew Alford filed a notice of appeal expressing their doubt as to the finality of the judgment but wishing to preserve their appellate remedies. After reviewing the clerk's record, this Court

requested by letter that counsel for appellants show cause why the appeal should not be dismissed for want of jurisdiction. Counsel responded by letter that the record does not contain a final appealable judgment and that the notice of appeal was filed as a means to protect the Alfords' position. We agree and dismiss the appeal for want of jurisdiction.

The Alfords initiated the underlying action based on a contract for deed and alleged numerous causes of action. Appellee Cynthia Jean Roberts Mays filed a general denial and counterclaim. Competing motions for summary judgment were also filed. On September 2, 2003, the trial court signed a partial summary judgment declaring, among other things, Mays to be the owner of the real property made the basis of the suit and ordering the issuance of a writ of possession. However, the trial court found that material fact issues exist regarding damage claims asserted by all parties and ordered those claims severed.

On September 8, 2003, the trial court notified counsel for the Alfords by letter that it rejected the proposed partial summary judgment and order of severance submitted on September 3. The Court also noted that a second proposed judgment contained relief not granted by the trial court. Counsel was requested to redraft and resubmit an order. No other order or judgment is contained in the clerk's record. However, the supplemental record does contain a letter from the trial court dated October 8, 2003, in which it attempts to clarify its decision to sever the damage claims from the title and possession claims. The court concludes in its letter:

with respect to the Plaintiffs' allegations that the court has failed to sign an order pertaining to the Plaintiffs' Motion for Summary Judgment, I will be glad to sign one when one is presented that reflects the court's ruling. Despite my letter ruling and pronouncements in open court to the contrary, so far all I have been presented with is an order which includes a provision granting Plaintiffs judgment for statutory damages and a finding that the Defendant's defense regarding the applicability of Section 5.061 *et seq.* do not apply or are without legal merit. Neither of which was ordered by the Court.

When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 201 (Tex. 2001).[1] Notwithstanding the order severing the damage claims, no order or judgment is contained in the clerk's record demonstrating disposition of all claims in the underlying suit. Thus, the September 2, 2003 partial summary judgment is interlocutory and not subject to appeal at this time. Therefore, this Court is without power to review the merits and has jurisdiction only to dismiss the appeal. Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790 (Tex. 1965).

Accordingly, the appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

---

[1] A letter ruling not reduced to judgment is interlocutory. Gulf States Utilities Co. v. Low, 79 S.W.3d 561, 565 (Tex. 2002); *see also* Dickens v. Willis, 957 S.W.2d 657, 659-660 (Tex.App.–Austin 1997, no pet.).