02-10-221-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00221-CV

 

 


 
 
 In the Interest of S.D. and
 A.-M.S.D., Children
 
 
  
 
 
  
 
 
 
 
  
  
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

 

FROM 233rd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          In
eleven issues, appellant A.M.D. (Father) appeals the trial court’s order
clarifying the amount of additional child support he was ordered to pay in his divorce
decree.  We will affirm in part and reverse and remand in part.

Background
Facts

The
Divorce Decree

          On
December 6, 2007, the trial court signed the final divorce decree in the
marriage of Father and D.S. (Mother).  The order stated that Father was
obligated to pay Mother $647.50 per month for child support for their two
children, S. D. and A.-M. S. D.,[2] beginning on September 1,
2007.  The order also contained a paragraph regarding health insurance for the
children which stated,

[Father] is ORDERED
to pay [Mother] the actual cost of the health insurance for each child as
additional child support, with the first installment of $____ being due and
payable on _____, 2007 and a like installment being due and payable on the ____
day of each month thereafter until there is a change in the actual cost of the
health insurance for that child . . . .  IT IS FURTHER ORDERED that payments by
[Father] to [Mother] will discontinue if health insurance becomes available to
[Father] at a reasonable cost and [Father] enrolls the children in the
insurance plan . . . .

 

Mother’s
Motions for Enforcement

On
April 15, 2008, Mother filed a “Motion for Enforcement of Order and Order to
Appear,” alleging that on August 20, 2007, the trial court signed an order
which required Father to pay health insurance costs of $281.87 a month
beginning on September 1, 2007.  Mother claimed that Father’s arrearages at the
time of filing totaled $3,314.72.  No August 20, 2007 order appears in the
record, although there is a docket entry of that date stating that a non-jury
trial was held and the divorce was granted that day.  Mother also requested
that “if the Court finds that any part of the order sought to be enforced is
not specific enough to be enforced by contempt, the Court enter a clarifying
order more clearly specifying the duties imposed on [Father] and giving
[Father] a reasonable time within which to comply.”

          A
hearing on Mother’s motion for enforcement was held.[3] 
The associate judge signed an order on January 15, 2009.  In that order, the
associate judge found that 

on August 20, 2008
[Father] was ordered to make periodic payments of additional child support, in
an order that appears in the minutes of this court and states in relevant part
as follows:

 

          . . .
[Father] is ORDERED to pay [Mother] the actual cost of health insurance for
each child as additional child support, with the first installment of $___
being due and payable on September 1, 2007 and a like installment being due and
payable on the first day of each month thereafter . . . .

 

          It
appears that the associate judge crossed out “$287.81” and inserted the blank
by hand, thus seeming to bring the quoted language more in line with the
divorce decree rather than the August 20, 2007 order that Mother had sought to
enforce.  Further, the associate judge’s order stated that Father had been
ordered to make those payments on August 20, 2008—a date after the motion for
enforcement was filed.  The associate judge found that Father “admit[ted] that
he failed to pay court ordered medical insurance” and found that his arrearages
amounted to $3,504.00.  The associate judge concluded that Father should pay
$100.00 per month in addition to his current child support obligation to pay
off the arrearage and an additional $75 per month for Mother’s attorney’s fees.

On
December 15, 2009, Mother filed a second motion for enforcement, claiming that
Father had failed to pay the arrearages and attorney’s fees he was ordered to
pay in the January 15, 2009 order.  She requested in the alternative, if the
court found that any part of the order sought to be enforced was not
specific enough to be enforced by contempt, the court should clarify that
order.

On
January 25, 2010, Father filed a motion for rehearing on the first motion for
enforcement.  He argued, among other things, that there is no order of August
20, 2008, and that the blank amount of additional child support is
“nonsensical” and “impossible.”  The associate judge granted Father’s motion
and vacated the January 15, 2009 order on Mother’s first motion for
enforcement.  Mother objected to vacating the order and to granting the
rehearing, and she requested a de novo hearing in the trial court.

Father’s
Motion for Clarification

On
February 5, 2010, Father filed a motion for clarification of the child support
order, requesting that the trial court specify whether the amount represented
by the blank in the divorce decree is zero or some other amount.  A hearing was
held on the motion on March 8, 2010, before the associate judge.  The associate
judge found that the blanks meant that

[Father] is ORDERED
to pay [Mother] the actual cost of health insurance for each child as
additional child support, with the first installment of $563.74 being
due and payable on January 1, 2008, and a like installment being due and
payable on the 1st day of each month thereafter until there is a change
in the actual cost of the health insurance for that child.

 

Father
then requested a de novo hearing on his motion to clarify.

Father’s
Petition to Modify the Parent-Child Relationship

On
January 22, 2010, Father filed a petition to modify the parent-child
relationship, requesting a decrease in his child support payments.[4]  A hearing was
held before the associate judge on March 8, 2010, and the motion was denied
“due to [Father’s] failure to prove any change in income since [the] date of
divorce.”

The
Rehearing on Father’s Motions[5]

On April
22, 2010, a hearing was held on Father’s motion for clarification and his motion
to modify before the trial court.  At the hearing, Mother testified that she
pays $563.74 for the children’s medical insurance and that she has paid that
amount from January 1, 2008 “through the end of 2009.”  Father testified that
the child support was higher than the guidelines and that he could not pay it. 
He also testified that he was working the same job and was living in the same
place that he had lived at the time of the divorce.

After
the hearing, the trial court ordered Father

to pay [Mother] the
actual cost of the health insurance for each child as additional child support,
with the first installment of $563.74 being due and payable on January 1, 2008
and a like installment being due and payable on the 1st day of each month
thereafter until there is a change in the actual cost of the health insurance
for that child . . . .  IT IS FURTHER ORDERED that payments by
[Father] to [Mother] will discontinue if health insurance becomes available to
[Father] at a reasonable cost and [Father] enrolls the children in the
insurance plan . . . .

 

The
order also awarded Mother’s attorney $1,800 in attorney’s fees.[6]
 The trial court also denied Father’s motion to modify the child support order. 
Father filed a request for findings of fact and conclusions of law, a “request
for findings in child support order,” and a notice of past due findings.

Father’s
Motion to Recuse

On
July 20, 2010, Father filed a motion to recuse the trial judge, alleging that
Judge Harris has a personal bias or prejudice against Father’s attorney, Bryan
Walter.  Specifically, he stated that there is an investigation regarding Judge
Harris in which Walter is a material witness.  Judge Harris refused to recuse
himself, a hearing on the motion was held before another judge, and the motion
was denied.  This appeal followed.

Discussion

The Motion
for Clarification

          In
his first issue, Father argues that the trial court erred by exceeding the
bounds of clarification to impose a substantive modification of the child
support order.  As we noted above, the trial court’s order grants Mother’s
“Motion for Clarification,” which does not exist.  We also noted above that
Mother’s motions for enforcement were not before the court on April 22, 2010. 
It thus appears to be Father’s motion for clarification that was granted. 
However, because the parties do not address this error in their briefing, we
will evaluate whether either party met the burden of proving a requested clarification.

The
family code provides, “A court may clarify an order rendered by the court in a
proceeding under this title if the court finds, on the motion of a party or on
the court’s own motion, that the order is not specific enough to be enforced by
contempt.”  Tex. Fam. Code Ann. § 157.421 (West 2008).  However, the code
prohibits a court from substantively changing the provisions of an earlier
order with a clarification order.  Id. § 157.423 (West 2008).  A
substantive change occurs when judicial reasoning and determination is used to
correct an error.  Dickens v. Willis, 957 S.W.2d 657, 659 (Tex.
App.—Austin 1997, no pet.).  A clerical error is one that results from an
inaccurate recording of the court’s decision.  Id.  Whether an error is
clerical or judicial is a question of law.  Id.  However, before the
trial court addresses this question, it must first make the factual
determination of “whether it previously rendered judgment and the judgment’s
contents.”  Id. (citing Escobar v. Escobar, 711 S.W.2d 230, 232
(Tex. 1986)).  This court reviews the trial court’s factual determination for
legal and factual sufficiency.  Id.  Proof of a clerical error must be
“clear, satisfying, and convincing.”  Id.

          In
this case, the original child support order required Father to pay “the actual
cost of the health insurance for each child.”  The order did not specify what
that amount was.  The blanks therefore created an ambiguity of the type that
may be clarified.  See Tex. Fam. Code Ann. § 157.421.  If there had been
evidence at the final divorce hearing on August 20, 2007, that may have
resulted in an order, Mother produced no evidence at the April 22, 2010 hearing
to support that contention.[7]  Mother testified as to
what she has paid for medical insurance for the children, but she made no
attempt to prove that she had previously presented that evidence or that the
trial court had previously rendered judgment that Father pay that amount.  See Dickens,
957 S.W.2d at 659 (requiring the trial court to determine whether it had
previously rendered judgment and the contents of that judgment).  Nor does the
record reveal what, if any, amount of medical support was originally ordered,
whether it was $563.74 as Mother claimed at the April 22, 2010 hearing, $281.87
as she claimed in her first motion for enforcement, or some other amount.  See
Jenkins v. Jenkins, 16 S.W.3d 473, 482 (Tex. App.—El Paso 2000, no pet.)
(looking to the record to determine intended contents of judgment); Dickens,
957 S.W.2d at 659–60 (same).

Likewise,
Father presented no evidence to support his contention that the trial court had
determined that the actual cost of health care was zero dollars.  Thus, there
was no proof that any of the proffered “clarified” amounts were left out of the
divorce decree merely by clerical error.  It was the moving party’s burden to
demonstrate the contents of the trial court’s previous judgment.  See In re
Marriage of Ward, 137 S.W.3d 910, 914–15 (Tex. App.—Texarkana 2004, no pet.)
(noting that the party seeking to establish the existence of a clerical error
“bears a heavy burden”).  It does not matter for purposes of our analysis now whose
motion was heard on April 22, 2010, because both parties failed to meet that
burden.

In
order to fill the blanks, the trial court must have used judicial reasoning and
determination, and its clarification order therefore substantively changed the
provisions of the original child support order.  See Tex. Fam. Code Ann.
§ 157.423; Dickens, 957 S.W.2d at 659 (noting that a substantive
change occurs when judicial reasoning and determination is used).  It is
therefore unenforceable.  See In re Naguib, No. 05-04-01010-CV, 2004 WL
2335029, at *3 (Tex. App.—Dallas Oct. 18, 2004, orig. proceeding [mand. denied])
(mem. op.) (holding that the trial court’s order clarifying a divorce decree
made a substantive change to the decree and was therefore unenforceable).  We
sustain Father’s first issue.  Because we sustain this issue, we do not need to
reach Father’s second through eighth points.  See Tex. R. App. P. 47.1.

Modification
of the child support order

In
his ninth issue, Father argues that the trial court abused its discretion by
refusing to decrease the amount of child support he had been ordered to pay.

We
review a decision to modify a child support order for an abuse of discretion.  In
re B.S.H., 308 S.W.3d 76, 78 (Tex. App.—Fort Worth 2009, no pet.).  A trial
court may modify a child support order if the circumstances of the child or a
person affected by the order have materially and substantially changed since
the order was rendered.  Tex. Fam. Code Ann. § 156.401(a)(1) (West 2008).  The
party seeking to modify a child support order has the burden to prove a
material and substantial change in circumstances since the entry of the
previous order.  In re C.C.J., 244 S.W.3d 911, 918 (Tex. App.—Dallas
2008, no pet.); In re Z.B.P., 109 S.W.3d 772, 781 (Tex. App.—Fort Worth
2003, no pet.).  In determining whether there has been a material and
substantial change in circumstances, it is well-settled that the trial court
must examine and compare the circumstances of the parents and any minor
children at the time of the initial order with the circumstances existing at
the time modification is sought.  C.C.J., 244 S.W.3d at 917.  The record
must contain both historical and current evidence of the relevant person’s
financial circumstances.  Id.  Compliance with the statutory guidelines
is discretionary when a trial court is considering whether to modify an
existing child support order.  Tex. Fam. Code Ann. § 156.402 (West 2008); In
re G.J.S., 940 S.W.2d 289, 294 (Tex. App.—San Antonio 1997, no writ).  A
child support order that is not in compliance with the guidelines does not by
itself establish a material and substantial change in circumstances. G.J.S.,
940 S.W.2d at 294.

Father
testified that the child support was set higher than the guidelines and that he
could not pay it.  He also testified that he was working the same job and was living
in the same place as he had at the time of the divorce.  Father admitted that
he had not been able to keep the children for his full weekend visitation
because he did not have a place for them to stay.  He would stay with the
children at a hotel and pay his bill with credit cards.  Father further
testified that he had been living rent-free but had been informed that he would
have to move at the end of the month.

Father’s
testimony only provided evidence that his circumstances would likely change in
the future, not that any change in circumstances had already occurred.  As
stated above, it was Father’s burden to prove that his circumstances were
changed at the time he sought the modification.  C.C.J., 244 S.W.3d at
917; Z.B.P., 109 S.W.3d at 781.  It was not enough that Father testified
that the child support order is not in compliance with the guidelines.  See
G.J.S., 940 S.W.2d at 294.  Further, he provided no evidence of what his
rent would be once he did move or any other evidence of his future living
arrangements.  Because he did not meet his burden, we hold that the trial court
did not abuse its discretion in denying Father’s motion for modification.  We
overrule Father’s ninth issue.

The
Code of Judicial Conduct

          In
his tenth issue, Father argues that the trial judge breached canons of the code
of judicial conduct.  Under our constitution, the State Commission on Judicial
Conduct is charged with enforcement of the Code of Judicial Conduct. Tex.
Const. art. V, § 1–a(6); see also Joachim v. Chambers, 815 S.W.2d
234, 243 (Tex. 1991); Howell v. Hecht, 821 S.W.2d 627, 632 (Tex. App.—Dallas
1991, writ denied) (“[W]e find that the only remedy or sanction that is
afforded by the Code states:  ‘Any judge who violates this Code shall be
subject to sanctions by the State Commission on Judicial Conduct.’”).  We are
therefore without jurisdiction to address any alleged breach of the code of
judicial conduct.  Cf. Merritt v. Davis, 331 S.W.3d 857, 863 (Tex.
App.—Dallas 2011, pet. denied) (finding no authority to support the proposition
that a violation of the code of judicial conduct amounts to reversible error). 
We overrule Father’s tenth issue.

Recusal

          Mother
first argues that Father’s motion for recusal was untimely because the rules of
civil procedure require a motion for recusal to be filed “[a]t least ten days
before the date set for trial.”  See Tex. R. Civ. P. 18a(a).  However,
the ten-day requirement does not apply when the moving party did not know of
the possible grounds for recusal until a motion is no longer timely.  See
Keene Corp. v. Rogers, 863 S.W.2d 168, 171 (Tex. App.—Texarkana 1993, no
writ).  The investigation regarding Judge Harris did not begin until after
March 2010, well after trial.

          Father
claimed that because Walter was a material witness in the investigation, Judge
Harris’s impartiality might reasonably be questioned and that Judge Harris has
a personal bias or prejudice against Walter.  See Tex. R. Civ. P.
18b(2)(a), (b).  We review the denial of a motion to recuse under an abuse of
discretion standard.  See Tex. R. Civ. P. 18a(f).

At
the hearing before presiding administrative Judge Walker, Walter testified that
he attended a hearing in front of Associate Judge Lisa Beebe, at which he
presented her a form order.  The order was denied, but the form order was not
returned.  Walter testified he believes the order was accidentally left in
Judge Beebe’s file and was inadvertently signed by Judge Harris the next day with
the rest of that day’s orders.  Walter’s opposing counsel in that case filed a
motion for sanctions against Walter.  At the hearing on the motion for sanctions,
Judge Harris testified that Walter had presented the order to him and represented
that the order had been granted.  Walter claims the testimony is false, and
that there are ongoing investigations for perjury.  He testified that he had
evidence that he was not in the court building that day, including TollTag
deductions and surveillance camera tape of the court’s entrances, but he did
not present any of it to the court.  Judge Walker denied Walter’s motion to
recuse because he found that Walter did not meet his burden of showing partiality
or personal bias or prejudice.  Specifically, Judge Walker stated,

At this point I can’t
tell who’s telling the truth.  I have you saying one thing but also telling me
the judge said something else.  The fact that you say you’re right doesn’t mean
you’re right; you’re an interested party.  I asked you about other people who
could substantiate your allegations, any other evidence you may have.  I’m
still faced with the same thing:  a factual dispute that is unresolved.  And
the law doesn’t require me to rule in favor of you and against the judge where
that exists.

 

Judge
Walker was not required to believe Walter’s testimony simply because there were
no other witnesses to contradict it.  See Hector v. Thaler, 927 S.W.2d 95,
99 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (holding that the judge did
not abuse his discretion in denying appellants’ motion to recuse because the
judge was free to not believe the appellants’ testimony).  We hold that Judge
Walker did not abuse his discretion in denying Father’s motion for recusal.  We
overrule Father’s eleventh issue.

Conclusion

          Having
sustained Father’s first issue, overruling Father’s ninth, tenth, and eleventh
issues, and having not reached Father’s remaining issues, we affirm the trial
court’s judgment as to Father’s motion for modification and motion to recuse. 
We reverse the trial court’s judgment as to the clarification order and remand
the case for further proceedings consistent with this opinion.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and GABRIEL, JJ.

 

DELIVERED:  August 31, 2011









[1]See Tex. R. App. P. 47.4.





[2]We use initials for the
children and parents throughout this opinion.  See Tex. R. App. P.
9.8(b)(2).





[3]No reporter’s record was
taken of the hearing.





[4]Mother had also filed a
motion to modify the parent-child relationship, requesting an increase in Father’s
child support payments, which she nonsuited at the March 8, 2010 hearing.  The
Attorney General had also filed suit to modify the child support order on June
13, 2008, requesting that the trial court modify the divorce decree to provide
for health care coverage.  The Attorney General also nonsuited its claim.





[5]The parties appear to
believe that on April 22, 2010, the trial court held a de novo hearing on
Mother’s motion for enforcement, and the trial court’s order states that it
granted Mother’s “Motion for Clarification.”  However, Mother did not file a
motion for clarification, and none of her motions for enforcement (in which she
requested clarification as alternative relief) were before the court on April
22nd.  

In Mother’s original motion for enforcement, filed
April 15, 2008, she attempted to enforce an order she alleged was entered on
August 20, 2007, which is not contained in the record presented for our review,
and appears to be an oral order.  She asked that if the August 20, 2007 order
cannot be enforced, it should be clarified.  In her second motion for
enforcement, filed December 15, 2009, she asked to enforce the January 15, 2009
order, which was later vacated on February 1, 2010.  Once again, she requested
in her second motion for enforcement that if the January 15, 2009 order could
not be enforced, it should be clarified.  Yet neither of those orders is the
subject of the trial court’s order of April 22, 2010.  The clerk’s record
reflects that Father moved for a rehearing on Mother’s first motion for
enforcement, which was granted.  Mother then objected to vacating the order and
to granting the rehearing and she requested a de novo hearing in the trial
court.  Thus, if any of Mother’s motions were heard on April 22nd, it would
have been her motion for a de novo hearing on Father’s motion for rehearing,
not either of her motions for enforcement.





[6]On June 15, 2010, the
trial court granted a motion for judgment nunc pro tunc filed by Mother to
change the date of the order, which was incorrect on the first order.





[7]The only evidence in the
record to support the $563.74 amount was that which was presented at the April
22, 2010 hearing.  This is no proof of a clerical error that was allegedly made
almost three years before.  In fact, the installment amount Mother sought in
her original motion for enforcement was $281.87, which is what she claimed was
ordered on August 20, 2007.