**AFFIRM; and Opinion Filed July 9, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-17-01486-CV

---

## IN THE INTEREST OF S.V. AND S.V., CHILDREN

---

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-11968-V**

---

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Bridges

Venky Venkatraman (Father), a pro se party, appeals the trial court's December 15, 2017

order on motion for judgment nunc pro nunc and order in suit affecting the parent-child

relationship nunc pro tunc. We affirm.

## Background

Father and Mother divorced in 2004 and have two children, Anna and Zoe.[1] Father has

repeatedly been before this Court appealing various orders and seeking mandamus relief regarding

this high-conflict custody case.[2] The procedural background and underlying facts are well-known

---

[1] The children have the same initials (S.V.). The pseudonyms used in this appeal are the same from previous appeals. Anna is now over eighteen and attending college in another state. This appeal relates solely to Zoe, the younger daughter.

[2] *See, e.g., In re S.V.*, No. 05-17-01294-CV, 2019 WL 1529379 (Tex. App.—Dallas Apr. 9, 2019, no pet.) (mem. op.) (affirming order denying Father's motion to reduce child support); *In re S.V.*, No. 05-18-00037-CV, 2019 WL 516730 (Tex. App.—Dallas Feb. 11, 2019, no pet.) (mem. op.) (affirming order modifying a permanent injunction in SAPCR); *In re Venkatraman*, No. 05-19-00171-CV, 2019 WL 642726 (Tex. App.—Dallas Feb. 15, 2019, orig. proceeding) (mem. op.) (denying mandamus relief); *In re Venkatraman*, No. 05-18-00751-CV, 2018 WL 3322896 (Tex. App.—Dallas July 6, 2018, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-18-00655-CV, 2018 WL 2979858 (Tex. App.—Dallas June 14, 2018, orig. proceeding) ( mem. op.) (denying mandamus relief as moot); *In re Venkatraman*, No. 05-18-00088-CV, 2018 WL 635995 (Tex. App.—Dallas Jan. 31, 2018, orig. proceeding) (mem. op.) (denying mandamus relief); *In re Venkatraman*, No. 05-17-01474-CV, 2018 WL

to the parties; therefore, we include only those facts necessary for disposition of the issues raised by Father in this particular appeal.  *See* TEX. R. APP. P. 47.1.

On May 4, 2016, the trial court signed an order in suit affecting the parent-child relationship nunc pro tunc.  The order contained the following child support provision:

> IT IS ORDERED that Venky Venkatraman is obligated to pay and shall pay to [Mother] child support of one thousand one hundred eighteen dollars and seventy-two cents ($1118.72) per month, with the first payment being due and payable on December 1, 2015 and a like payment being due and payable on the first day of each month thereafter until the first month following of the earliest occurrence of one of the events specified below:
>
> > 1. Any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below . . .

On November 13, 2017, Mother filed a motion for judgment nunc pro tunc or to reform judgment because the May 4, 2016 order nunc pro tunc failed to include the correct child support language, referred to as a "step down" provision.  As written, the May 4, 2016 order allowed Father to stop paying any child support once Anna reached eighteen, but did not require any further payment for Zoe.  Mother's subsequent motion for judgment nunc pro tunc sought to include the following language related to child support:

> Thereafter, Venky Venkatraman is ORDERED to pay [Mother] child support of eight-hundred and ninety-five dollars and zero cents ($895.00) per month, due and payable on the 1st day of the first month immediately following the date of the earliest occurrence of one of the events specified above for another child and a like sum of eight-hundred and ninety-five dollars and zero cents ($895.00) due and payable on the 1st day of each month thereafter until the next occurrence of one of the events specified above for the other child.

---

329363 (Tex. App.—Dallas Jan. 9, 2018, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-17-01349-CV, 2017 WL 5897460 (Tex. App.—Dallas Nov. 29, 2017, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-17-01328-CV, 2017 WL 5663620 (Tex. App.—Dallas Nov. 27, 2017, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-17-01330-CV, 2017 WL 5622930 (Tex. App.—Dallas Nov. 22, 2017, orig. proceeding) (mem. op.) (same); *In re Venkatraman*, No. 05-17-01310-CV, 2017 WL 5559614 (Tex. App.—Dallas Nov. 16, 2017, orig. proceeding)  (mem. op.) (same); *In re S.V.*, No. 05-16-00519-CV, 2017 WL 3725981 (Tex. App.—Dallas Aug. 30, 2017, pet. denied) (mem. op. on reh'g) (affirming in part and reversing in part trial court's 2016 SAPCR nunc pro tunc order); *In re Venkatraman*, No. 05-17-00559-CV, 2017 WL 3474016 (Tex. App.—Dallas Aug. 14, 2017, orig. proceeding) (mem. op.) (denying mandamus relief); *In re Venkatraman*, No. 05-17-00489-CV, 2017 WL 2200339 (Tex. App.—Dallas May 19, 2017, orig. proceeding) (mem. op.) (same).

Importantly, the original March 4, 2016 SAPCR included the above-language, but was left out in the May 4, 2016 order.

Father filed objections to Mother's motion for judgment nunc pro tunc or to reform judgment. On December 15, 2017, the trial court granted Mother's motion and signed the order in suit affecting the parent-child relationship nunc pro tunc, which included Mother's proposed language. On December 28, 2017, Father requested findings of fact and conclusions of law pursuant to Texas Rules of Civil Procedure 296 and 297. The trial court did not issue any findings or conclusions. This appeal followed.

## Findings of Fact and Conclusions of Law

In his first issue, Father argues he is entitled to a new trial because the trial court did not issue findings of fact and conclusions of law after his timely request. He contends family code section 154.130(a)(1) required the trial court to make such findings. *See* TEX. FAM. CODE ANN. § 154.130(a)(1).

Father's request for findings and conclusions did not reference section 154.130, but instead referenced only the rules of civil procedure that apply to findings and conclusions. *See* TEX. RS. CIV. P. 296, 297. Absent a request for section 154.130 findings, the trial court did not err by not making such findings. *See In re S.V.*, 2019 WL 1529379, at *3 (rejecting Father's same argument); *In re S.V.*, 2019 WL 516730, at *4 (same); *see also In re. T.A.*, 346 S.W.3d 676, 678–79 (Tex. App.—El Paso 2009, pet. denied).

Father did, however, timely request findings of fact and conclusions of law per rules of civil procedure 296 and 297.[3] Generally, if an appellant timely requests findings of fact and conclusions of law and the trial court fails to comply, we presume appellant was harmed. *See*

---

[3] It is undisputed the trial court judge voluntarily recused herself on January 10, 2018 without filing any findings of fact and conclusions of law, and her recusal occurred before Father's notice of past due findings of fact and conclusions of law were due pursuant to rule 297. Thus, Mother concedes the trial court cannot now enter findings of fact and conclusions of law should we conclude findings and conclusions are necessary.

*Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam). The presumption, however, can be overcome. *Id.* An appellant is harmed if he cannot present his appeal because he is forced to guess the basis on which the trial court made its decision. *Id.* But, "[w]hen only one issue is presented to the trial court, a complainant does not usually have to guess at the reasons for the trial court's ruling." *R.H. v. Smith*, 339 S.W.3d 756, 766 (Tex. App.—Dallas 2011, no pet.).

Here, Mother's motion for judgment nunc pro tunc or to reform judgment argued the May 4, 2016 order was incorrect because it failed to contain the "step down" language related to child support for Zoe.[4] No other theory or ground for modification was asserted; therefore, we disagree with Father's position that he had to "guess at the reason for the trial court's position." *Id.*; *see also In re S.V.*, 2019WL 516730, at *5 (findings of fact and conclusions of law not required when petition in intervention asserted only one theory for modification). Moreover, as discussed below, the lack of findings and conclusions has not prevented Father from presenting his case on appeal. He has comprehensively argued why the trial court allegedly erred by granting the motion for judgment nunc pro tunc. Accordingly, the trial court's failure to issue findings of fact and conclusions of law has not harmed Father. *See, e.g., Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 802–03 (Tex. App.—Dallas 2006, ___) (where there was only single ground before court in determining appellants were vexatious litigants, appellants did not have to guess at reasons for court's ruling and therefore were not harmed by lack of findings and conclusions). Father's first issue is overruled.

### Judgment Nunc Pro Tunc

In his second issue, Father argues the trial court erred by modifying the order to insert a child support clause for which there is no legal basis more than eighteen months after it was signed.

---

[4] Mother's motion included the omitted language with a proposed order including the language.

Mother responds the court made a clerical, rather than a judicial error, which the trial court had plenary power to correct pursuant to rule of civil procedure 316.

The trial court may correct only clerical errors in the judgment by a judgment nunc pro tunc. *See* TEX. R. CIV. P. 316; *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). A clerical error is a discrepancy between the judgment entered and the judgment actually rendered by the court, whereas a judicial error is an error in the judgment rendered. *Escobar*, 711 S.W.2d at 231. "[W]henever the judgment entered by the court incorrectly records the judgment rendered, the error is clerical, so long as a product of judicial reasoning is not involved." *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.).

Whether an error is judicial or clerical is a question of law. *Escobar*, 711 S.W.2d at 232. Proof of a clerical error must be clear, satisfying, and convincing. *Dickens*, 957 S.W.2d at 659. Evidence may be from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection. *Barton v. Gillespie*, 178 S.W.3d 121, 127 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also Roan v. Roan*, No. 03-09-00155-CV, 2010 WL 4260974, at *4–5 (Tex. App.—Austin Oct. 28, 2010, no pet.) (mem. op.). Even serious errors and omissions may be classified as clerical if the evidence shows the judgment as rendered, inaccurately reflects the true decision of the court. *See Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013); *Andrews v. Koch*, 702 S.W.2d 584, 585–86 (Tex. 1986). To evaluate whether the error in this case was clerical or judicial, we look first to the judgment "actually rendered" by the trial court. *Escobar*, 711 S.W.2d at 231*; Roan*, 2010 WL 4260974, at *4–5.

Here, the March 4, 2016 SAPCR order included the "step down" provision requiring Father to pay child support for Zoe. On March 7, 2016, Father filed a motion for judgment nunc pro tunc, which the trial court granted in part and denied in part. His motion, however, did not mention or

request removal of the step-down provision. The subsequent May 4, 2016 order in suit affecting the parent-child relationship nunc pro tunc omitted the "step down" provision requiring Father to pay child support for Zoe despite neither party seeking its removal. The original order including the provision and the subsequent order omitting the provision without any party requesting its removal is evidence from previous judgments indicating the error is clerical. *See Barton*, 178 S.W.3d at 127.

Further, we may consider a docket entry in determining whether a court had authority to correct a judgment by nunc pro tunc because of a clerical error. *Id.*; *see also Roan*, 2010 WL 4260974, at *4–5. The record contains the trial court's journal entry from the docket sheet for the December 15, 2017 hearing. The entry states, in relevant part,

> The Court finds that the language the Petitioner seeks to include is the Family Code required step-down provision to Respondent's obligation to pay child support. The language had been included in a previous draft but was unintentionally dropped from the order signed. To not correct this clerical error would be manifestly unjust to the Respondent.

This evidence is "clear, satisfying, and convincing" proof of a clerical error. *Dickens*, 957 S.W.2d at 659. We acknowledge that omission of a child support provision is a serious omission; however, even serious errors and omissions may be classified as clerical if the evidence shows, as it does here, that the judgment inaccurately reflects the true decision of the court. *See A.P.I. Pipe & Supply, LLC*, 397 S.W.3d at 167 (Tex. 2013). Because the trial court's judgment nunc pro tunc corrected a clerical error, we need not consider whether the trial court acted outside of its plenary power when it granted the order. *See* TEX. R. CIV. P. 316; *Barton*, 178 S.W.3d at 126 (trial court may correct clerical errors by judgment nunc pro tunc at any time). We overrule Father's second issue.

Finally, Father filed a petition for writ of mandamus on January 3, 2018 arguing the trial court abused its discretion by signing the December 15, 2017 order. We granted Father's motion

to consolidate the original proceeding with this appeal. Because we have resolved Father's issues by direct appeal, we deny Father's petition for writ of mandamus as moot. *See, e.g., In re Marriage of Russell*, 556 S.W.3d 451, 461 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

## Conclusion

Having overruled Father's issues, we affirm the trial court's orders. We deny Father's petition for writ of mandamus as moot.

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE

171486F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF S.V. AND S.V., CHILDREN

No. 05-17-01486-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-04-11968-V.
Opinion delivered by Justice Bridges. Justices Brown and Nowell participating.

In accordance with this Court's opinion of this date, the orders of the trial court are **AFFIRMED**.

The Court **DENIES** Venky Venkatraman's petition for writ of mandamus as moot.

It is **ORDERED** that appellee Jyoti Masurekar recover her costs of this appeal from appellant Venky Venkatraman.

Judgment entered this 9th day of July, 2019.