# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-03-00351-CV

**Carl Ross, Appellant**

**v.**

**Shanney Velwood, f/k/a Shanney V. Ross, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 19841, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Carl Ross ("Ross") and Shanney Velwood ("Velwood") were divorced in August 2002. Subsequently, the trial court rendered a clarification order of the final decree of divorce. Ross appeals from this clarification order by two issues, contending that (1) the trial court abused its discretion in designating attorney's fees as child support, enforceable by contempt; and (2) the trial court erred in awarding post-judgment interest for the first time in the clarification order. We will modify the trial court's order and affirm it as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

Ross and Velwood were married on October 31, 1985; they had two children during the marriage. On January 7, 2000, Velwood filed a petition for divorce from Ross, which was

granted by the trial court in a decree of divorce on August 20, 2002. *See Ross v. Ross*, No. 03-02-00772-CV, 2004 Tex. App. LEXIS 3395 (Tex. App.—Austin Apr. 15, 2004, no pet.) (memorandum opinion). In that decree, the trial court found that Velwood had "incurred $31,500 as attorney's fees, which were necessary as support for [Velwood] and the children the subject of this suit." It thereafter awarded her divorce attorney "a judgment of $31,500 against Carl E. Ross as attorney's fees and expenses."

During a subsequent proceeding on a motion to enforce the judgment, the trial court expressed that the original order, drawn up by the attorneys, was not entirely clear or sufficient, and was not specific enough to be enforced by contempt. Because of this, the trial court issued a clarification order. In this order, the trial court stated that fifty percent of the $31,500 attorney's fees award was necessary as support for Velwood and the other fifty percent was necessary for the support of the children. The court therefore ordered that Velwood be "awarded a judgment in the amount of $31,500 with simple interest at the rate of ten (10) percent per annum against Carl E. Ross as attorney's fees and expenses but enforceable by Gene Stratton, attorney for" Velwood. A schedule for the payment of this award was also ordered.

## DISCUSSION

**Attorney's Fees as Child Support**

In his first issue, Ross contends that the trial court abused its discretion by entering a clarification order that designated half of the attorney's fees as child support, thereby making the award enforceable by contempt.

2

Under the family code, the trial court may order reasonable attorney's fees as costs in a suit affecting the parent-child relationship; these fees may be enforced "by any means available for the enforcement of a judgment for debt." Tex. Fam. Code Ann. § 106.002(a) (West Supp. 2004). An award of attorney's fees in such a case is within the sound discretion of the trial court. *Bruni v. Bruni*, 924 S.W.2d 366, 368 (Tex. 1996). We will not reverse the trial court's judgment absent a clear showing of abuse of discretion. *McCord v. Watts*, 777 S.W.2d 809, 813 (Tex. App.—Austin 1989, no writ). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

Generally, an attorney's fees award cannot be enforced by contempt because of the constitutional prohibition against imprisonment for debt. *See* Tex. Const. art. I, § 18; *Wallace v. Briggs*, 348 S.W.2d 523, 525-26 (Tex. 1961); *In re Moers*, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Attorney's fees awarded in a proceeding to enforce a child support order, however, can be enforced by contempt. Tex. Fam. Code Ann. § 157.167(c) (West Supp. 2004); *Ex parte Helms*, 259 S.W.2d 184, 188 (Tex. 1953); *Moers*, 104 S.W.3d at 611. Unless the fees are incurred in enforcing a child support order, attorney's fees are to be awarded as costs that are enforceable as debt, and therefore not enforceable by contempt. Tex. Fam. Code Ann. § 106.002; *Moers*, 104 S.W.3d at 612.

The trial court's clarification order states that of the $31,500 attorney's fees award, "fifty percent were necessary for the support of the children." Although the trial court's order does not specifically include the terms "child support" in characterizing half of the attorney's fees award,

3

the order states that the reason for the clarification is that certain terms of the prior order of the court "are not specific enough to be enforced by contempt."[1] The attorney's fees, however, were awarded following a divorce proceeding, which included a suit affecting the parent-child relationship; they were not incurred in a child support enforcement proceeding. Thus, the fees could not be characterized as child support and could not be enforced by contempt. We therefore hold that the trial court erred in designating half of the attorney's fees as child support. Accordingly, we will modify the order by deleting any characterization of the attorney's fees award as child support or "as necessary for the support of the children," so as to eliminate any confusion about the nature of the attorney's fees.

**Post-Judgment Interest**

In his second issue, Ross maintains that the trial court erred in awarding post-judgment interest for the first time in the clarification order. Ross argues that the addition of a ten percent annual interest rate to the $31,500 attorney's fee award represents a substantive change in the decree of divorce, and therefore is improper. For support, he directs us to section 157.423 of the family code, which prohibits a court from substantively changing the provisions of an earlier order with a clarification order. Tex. Fam. Code Ann. § 157.423(a) (West 2002).

After the trial court loses its jurisdiction over a judgment, it can correct only clerical errors in the judgment; it cannot substantively correct a judicial error made in rendering a final

---

[1] The trial court explained its ruling as follows: "Clarification is also necessary regarding the portion of that [attorney's fee award] for child support and the portion of that for support of the wife. Fifty percent of that is child support."

4

judgment. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968). A change is considered substantive if the judgment is being corrected because of an error that resulted from judicial reasoning and determination ("judicial error"). *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.); *see also Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986) ("A judicial error is an error which occurs in the *rendering* as opposed to the *entering* of a judgment."). When an error results from inaccurately recording the decision of the court, the error is "clerical." *Dickens*, 957 S.W.2d at 659.

Whether any error in the original decree was clerical or judicial is a question of law. *Finlay*, 435 S.W.2d at 138; *Dickens*, 957 S.W.2d at 659. Whether the trial court previously pronounced judgment orally and the terms of that judgment, however, are questions of fact. *Escobar*, 711 S.W.2d at 232. The issue of whether the error was clerical or judicial becomes a question of law only after the trial court factually determines whether it previously rendered judgment and the contents of that judgment. *Id.* The trial court can only correct or clarify a final written judgment if it incorrectly reflects the judgment that the trial court actually rendered. *Id.* at 231-32. In other words, if the trial court rendered an incorrect judgment that was accurately recorded, it cannot alter the written judgment that precisely reflects the incorrect rendition. *Id.* at 232. Thus, when deciding whether a correction is of a judicial or a clerical error, we look to the judgment actually rendered, not the judgment that should or might have been rendered. *Id.* at 231.

We review a trial court's factual determination of the original judgment's contents for legal and factual sufficiency of the evidence. *Id.* at 232; *Dickens*, 957 S.W.2d at 659. To review whether the evidence was legally sufficient, we consider only the evidence that tends to support the

5

trial court's finding. *Sterner v. Marathon Oil Co.*, 767 SW.2d 686, 690 (Tex. 1989); *Dickens*, 957 S.W.2d at 659. If no such evidence exists, we consider all evidence on record to determine whether the contrary proposition is established as a matter of law. *Sterner*, 767 S.W.2d at 690; *Dickens*, 957 S.W.2d at 659. In reviewing the factual sufficiency of the evidence, we consider and weigh all of the evidence and set aside the trial court's finding only if it is so contrary to the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Dickens*, 957 S.W.2d at 659.

In this case, we need not reach the issue of whether any error was judicial or clerical because a review of the original divorce decree reveals that no change was made with regard to the post-judgment interest. The original divorce decree states that Velwood is awarded a "net money judgment" in the amount of $120,201, "with post-judgment interest at 10% percent per year compounded annually from date of signing of this Final Decree of Divorce." The net money judgment, according to the divorce decree, is based on, among other things, attorney's fees in the amount of $31,500. Thus, it appears that the original divorce decree already included post-judgment interest at the rate of ten percent for the attorney's fees. The clarification order only reiterates what was already in the original divorce decree; thus, the trial court made no change to the post-judgment interest portion of the decree in its clarification order. We overrule Ross's second issue.

**CONCLUSION**

We conclude that the trial court abused its discretion in characterizing any portion of the attorney's fees as child support and modify the trial court's order to delete all characterizations

6

of attorney's fees as child support.  We further hold that the original divorce decree already ordered

post-judgment interest on the attorney's fees, and the clarification order did not alter that portion of

the decree.  Therefore, we affirm the clarification order as modified.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Modified and, as Modified, Affirmed

Filed:   July 29, 2004